Chief Justice RABNER,
concurring.
Reasonable people can disagree about whether N.J.S.A. 2A:4A-44(d)(3) requires one or two separate, prior juvenile adjudications *98 before an extended term of incarceration can be imposed. The statute provides as follows:
Upon application by the prosecutor, the court may sentence a juvenile who has been convicted of a crime of the first, second, or third degree if committed by an adult, to an extended term of incarceration beyond the maximum set forth in paragraph (1) of this subsection, if it finds that the juvenile was adjudged delinquent on at least two separate occasions, for offenses which, if committed by an adult, would constitute a crime of the first or second degree, and was weviously committed to an adult or juvenile facility.
[N.J.SA 2A:4A-44(d)(3) (emphases added).]
The majority presents a strong case as to why two prior predicates are required. It focuses on the different verb tenses in the statute, which are underscored above. Ante at 94-95, 85 A.3d at 944-45.
Another persuasive reading of the statute focuses on the word “previously.” The Legislature inserted the term only once: to establish that a juvenile must have been “previously” incarcerated. The word does not appear in the clause that states “the juvenile was adjudged delinquent on at least two separate occasions.” Thus, the Legislature required two juvenile adjudications but did not say both must have occurred “previously.” As the Appellate Division noted, “the Legislature could easily have” said so had it meant to. In re K.O., 424 N.J.Super. 555, 561, 39 A.3d 202 (App.Div.2012). Instead, it omitted the very limiting term it used later in the same section. For this and other reasons, the appellate panel concluded that the pending offense may count as a predicate for an extended term. Id. at 564, 39 A.3d 202.
Because both interpretations of this criminal statute are reasonable, and because the legislative history does not resolve this dispute, the doctrine of lenity applies. See State v. Rangel, 213 N.J. 500, 515, 64 A.3d 558 (2013); State v. Shelley, 205 N.J. 320, 324, 15 A.3d 818 (2011). As a result, the ambiguity in the statute should be resolved in defendant’s favor. Rangel, supra, 213 N.J. at 515, 64 A.3d 558 (citing State v. Gelman, 195 N.J. 475, 482, 950 A.2d 879 (2008)).
*99 I agree with the majority’s discussion of the doctrine of lenity. See ante at 96-97, 85 A 3d at 946. My difference wdth the majority is slight. It concludes that the statutory language is plain and considers the rule of lenity to the extent one might find the law ambiguous. Ibid. Because I do not believe the language of the statute leads to one clear interpretation, I turn directly to the rule of lenity in the absence of definitive legislative history.
For the above reasons, I concur in the result the majority reaches and would reverse the judgment of the Appellate Division.
For reversal—Chief Justice RABNER and Justices LaVECCHIA, ALBIN and PATTERSON and Judges RODRÍGUEZ (temporarily assigned) and CUFF (temporarily assigned)—6.
Opposed—None.